# RECORD NO. 17-1307

### In The
# United States Court Of Appeals
# For The Fourth Circuit

## JOSEPH JEMSEK, M.D.,

*Plaintiff – Appellant,*

### v.

## NORTH CAROLINA MEDICAL BOARD, *et al.,*

*Defendants – Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH

———————————

## BRIEF OF APPELLANT

———————————

**Jacques G. Simon**
JACQUES G. SIMON
  ATTORNEY AT LAW
**100 Jericho Quadrangle**
**Suite 208**
**Jericho, NY 11753**
**(516) 378-8400**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. _____     Caption: _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

_____
(name of party/amicus)

_____

 who is _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.     Is party/amicus a publicly held corporation or other publicly held entity?     YES     NO


2.     Does party/amicus have any parent corporations?                     YES     NO
       If yes, identify all parent corporations, including all generations of parent corporations:




3.     Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
       other publicly held entity?                                 YES     NO
       If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))?      YES      NO
        If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      YES      NO
        If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?                     YES      NO
        If yes, identify any trustee and the members of any creditors' committee:

Signature: _____        Date: _____

Counsel for: _____

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____                    _____
            (signature)                                        (date)

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ...................................................................................iv

I.    JURISDICTIONAL STATEMENT ............................................................1

    (A)    The basis for the District Court's subject matter jurisdiction ..............1

    (B).    The basis for the Court of Appeals' jurisdiction. ..................................2

    (C)    The filing dates establishing the timeliness of the appeal were met. ...................................................................................................2

    (D)    Statement regarding the finality of the District Court's Order. ...........3

II.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..................3

III.    CONCISE STATEMENT OF THE CASE .....................................................4

    (A)    Factual Background ................................................................................4

    (B)    Procedural background relevant to the appeal. .....................................5

        (i)    The motion to dismiss. ...............................................................5

        (ii)    Appellant's opposition to motion to dismiss. ...........................5

        (iii)    The replies. .................................................................................6

        (iv)    The substance of the Order and Judgment of the District Court. .........................................................................................6

IV.    SUMMARY OF THE ARGUMENT ............................................................7

V.    ARGUMENT ................................................................................................8

i

POINT I
THE STANDARDS OF APPELLATE REVIEW OF THE DISTRCIT
COURT'S DISMISSAL OF THE AMENDED COMPLAINT APPLY
TO DISTRICT COURT'S ORDER ............................................................8

(A)    The standard of appellate review of a District Court's dismissal
       pursuant to Fed. R. Civ P. 12(b)(1) is de novo review. ......................8

(B)    The standard of appellate review on a District Court's dismissal
       pursuant to Fed. R. Civ P. 12(b)(6) is de novo review. ......................9

(C)    The standard of review for dismissal of Antitrust Complaints. ..........10

POINT II
THE DISTRICT COURT'S ORDER CONSTITUTES REVERSIBLE
ERROR TO THE EXTENT THAT IT IS PREDICATED UPON THE
APPLICATION OF ELEVENTH AMENDMENT IMMUNITY TO
THE BOARD DEFENDANTS. ..................................................................11

POINT III
THE DISTRICT COURT'S DISMISSAL OF THE COMPLAINT FOR
FAILURE TO STATE A CLAIM UNDER THE SHERMAN
ANTITRUST ACT AMOUNTS TO REVERSIBLE ERROR. ...................19

POINT IV
THE DISTRICT COURT ERRED IN FAILING TO PROVIDE THE
PLAINTIFF AN OPPORTUNITY TO FILE A MOTION FOR LEAVE
TO AMEND BEFORE IT DISMISSED THE COMPLAINT.....................25

POINT V
THE DISTRICT COURTS' DISMISSAL OF THE ALLEGATIONS
OF THE ANTITRUST BASED ON ARTICLE III LACK OF
STANDING AMOUNTS TO REVERSIBLE ERROR..............................27

CONCLUSION ......................................................................................28

STATEMENT PURSUANT TO FRAP 34 AND LOCAL
RULE 34(a) REGARDING ORAL ARGUMENT ................................................28

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Adams v. Bain*,
    697 F.2d 1213 (4th Cir. 1982) ........................................................9

*Alden v. Maine*,
    527 U.S. 706, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999) ...........................13

*Associated Gen. Contractors of Calif., Inc. v.*
*Calif. State Council of Carpenters*,
    459 U.S. 519 (1983)....................................................................22

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................18, 23, 24, 27

*Booth v. Maryland*,
    112 F.3d 139 (4th Cir. 1997) .......................................................13

*Caesars Mass. Mgmt. Co., LLC v. Crosby*,
    778 F.3d 327 (1st Cir. Mass. Feb. 13, 2015)................................15

*Caesars v. Massachusetts Development Company LLC v. Crosby*
    2014 W.L. 2468689 ...............................................................14, 16

*Carter v. Baltimore County*,
    9 Fed. Appx. 930 (4th Cir. 2002) ...............................................21

*Conley v. Gibson*,
    355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) .........................10

*Constantine v. Rectors & Visitors of George Mason Univ.*,
    411 F.3d 474 (4th Cir. 2005) ......................................................12

*Dickson v. Microsoft Corp.*
    309 F.3d 193 (4th Cir. 2002) ......................................................19

*Evans v. B.F. Perkins Co.*,
  166 F.3d 642 (4th Cir. Va. 1999) ...................................................................8

*Ex Parte Young*
  209 U.S. 123 (1908)...........................................................................11, 12, 13

*Foman v. Davis*,
  371 U.S. 178 (1962)...............................................................................25, 26

*Green v. Mansour*,
  474 U.S. 64 (1985).................................................................................13, 14

*Higgins v. United States*,
  894 F. Supp. 232 (M.D.N.C. 1995) ..............................................................9

*Hospital Building Co. v. Trustees of Rex Hosp.*,
  425 U.S. 738, 48 L. Ed. 2d 338, 96 S. Ct. 1848 (1976) ........................*passim*

*Humphreys & Ptrs. Architects, L.P. v. Lessard Design, Inc.*,
  790 F.3d 532 (4th Cir. 2015) .......................................................................21

*Idaho v. Coeur d' Alene Tribe*,
  521 U.S. 261, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) ............................13

*In re PEC Solutions, Inc. Sec. Litig.*,
  418 F.3d 379 (4th Cir. 2005) .........................................................................9

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
  99 F. Supp. 3d 610 (D. Md. 2015).......................................................... 22-23

*Jordan v. Alternative Res. Corp.*,
  458 F.3d 332 (4th Cir. 2006) .......................................................................10

*Kitchen v. Upshaw*,
  286 F.3d 179 (4th Cir. 2002) .......................................................................21

*Laber v. Harvey*,
  438 F.3d 404 (4th Cir. 2006) ................................................................25, 26

*Lux v. Judd*,
  651 F.3d 396 (4th Cir. 2011) .......................................................................22

*Martin v. Memorial Hospital,*
    86 F.3d 1391 (5th Cir. 1996) ........................................................................12

*Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.,*
    576 F.3d 172 (4th Cir. Va. 2009) ....................................................................9

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
    475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) .............................21

*Mylan Labs., Inc. v. Matkari,*
    7 F.3d 1130 (4th Cir. 1993) .............................................................10, 16, 19

*N.C. Motorcoach Ass'n v. Guilford County Bd. of Educ.,*
    315 F. Supp. 2d 784 (M.D.N.C. 2004) ............................................................9

*North Carolina Board of Dental Examiners v.*
*Federal Trade Commission,*
    135 S. Ct. 1101 (2015)................................................................11, 12, 17, 27

*Novell, Inc. v. Microsoft Corp.,*
    505 F.3d 302 (4th Cir. 2007) ...................................................................22, 23

*Ostrzenski v. Seigel,*
    177 F.3d 245 (4th Cir. 1999) .........................................................................25

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984)...................................................................................13, 14

*Petrie v. Virginia Board of Medicine,*
    648 Fed. Appx. 352 (4th Cir. 2016) ........................................................20, 21

*Pitt Cnty. v. Hotels.com, L.P.,*
    553 F.3d 308 (4th Cir. 2009) ...........................................................................9

*Poller v. CBS,*
    368 U.S. 464, 7 L. Ed. 2d 458, 82 S. Ct. 486 (1962) ........................11, 18, 22

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States,*
    945 F.2d 765 (4th Cir. 1991) ...........................................................................8

*Rodgers v. State Bd. of Nursing*,
  665 Fed. Appx. 326 (5th Cir. 2016) ....................................................... 11-12

*Rowley v. McMillan*,
  502 F.2d 1326 (4th Cir. 1974) .......................................................................13

*S.C. State Bd. of Dentistry v. FTC,*
  455 F.3d 436 (4th Cir. 2006) ................................................................12, 13

**Sierra Club v. Kempthorne**,
  589 F. Supp. 2d 720 (W.D. Va. 2008) .............................................................9

*Sun Dun, Inc. of Washington v. Coca-Cola Co.*,
  740 F. Supp. 381 (D. Md. 1990) ...................................................................10

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ......................................................................................17

**T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC**,
  385 F.3d 836 (4th Cir. 2004) ..........................................................10, 16, 19

*Taylor v. Kellogg Brown & Root Servs.*,
  658 F.3d 402 (4th Cir. 2011) ..................................................................... 8-9

*Teachers' Ret. Sys. v. Hunter*,
  477 F.3d 162 (4th Cir. 2007) ..........................................................9-10, 17

*Tennessee v. Lane*,
  541 U.S. 509, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004) ...........................13

*TFWS Inc., v. Schaeffer*,
  242 F.3d 198 (4th Cir 2001) .........................................................................13

*Virginia Vermiculite, Ltd. v. W.R. Grace & Co.*,
  156 F.3d 535 (4th Cir. 1998) ...............................................................*passim*

*Wessel v. Glendening*,
  306 F.3d 203 (4th Cir. 2002) .......................................................................13

vii

**Statutes:**

15 U.S.C. § 1 *et. seq.*.................................................................*passim*

15 U.S.C. § 2 ......................................................................................1

15 U.S.C. § 4 ......................................................................................1

15 U.S.C. § 26 ...............................................................................1, 24

28 U.S.C. § 1332 ...............................................................................1

**Constitutional Provisions:**

U.S. Const. amend V.....................................................................5, 14

U.S. Const. amend XI ...............................................................*passim*

U.S Const. Amend XIV ...................................................................14

U.S. Const. art. III ...................................................................5, 6, 22

**Rules:**

Fed. R. App. P. 3 .................................................................................2

Fed. R. App. P. 4 .................................................................................2

Fed. R. App. P. 34.............................................................................28

Fed. R. Civ. P. 12(b)(1)...............................................................*passim*

Fed. R. Civ. P. 12(b)(2)......................................................................5

Fed. R. Civ. P. 12(b)(6)...............................................................*passim*

Fed. R. Civ. P. 15(a).....................................................................25, 26

Fed. R. Civ. P. 26(b)(1)........................................................................7

Fed. R. Civ. P. 26(b)(2)........................................................................7

Fed. R. Civ. P. 56(e)...........................................................................21

Loc. Rule 30(a)(2)............................................................................5, 6

Local Rule 34(a)................................................................................28

# I.    JURISDICTIONAL STATEMENT

## (A)    The basis for the District Court's subject matter jurisdiction.

The District Court had original federal question subject matter jurisdiction over the issues stated in the Amended Complaint pursuant to 28 U.S.C. Sec. 1332, 15 U.S.C. Sec. 4 and 15 U.S.C. Sec. 26. A. p. 39. The issues which are the subject matter of the underlying litigation arise under the antitrust statutes, namely 15 U.S.C. Sec. 1; 15 U.S.C. Sec. 2 and 15 U.S.C. Sec. 26. A. pp. 19-87.

The factual basis for the invocation of the District Court's subject matter jurisdiction revolves around in the underlying action which involved Dr. Jemsek's suit under the provisions of the Sherman Antitrust Act. The complaint A. pp. 19-88 alleged that the defendants to conspired with each other to engage in violation of the Sherman Antitrust Act 15 U.S.C. Sec. 1 *et. seq.* by engaging in unreasonable restraint of trade,  price fixing, market allocation, maintaining a monopoly. The Plaintiff accused the defendants of engaging in anticompetitive conduct in violation of 15 U.S.C. Sec. 1 *et. seq.* to benefit their own businesses and that of physicians who provide Lyme disease related medical services in North Carolina in accordance with the restrictions on trade imposed by the defendants. Amended Complaint at ¶¶1-239, A. pp. 19-72.

The Plaintiff sought the following relief: (1) injunctive relief under 15 U.S.C. Sec. 26 enjoining the defendants from prospectively violating the antitrust act by

1

engaging in restraint of trade, restraint of trade,  price fixing, market allocation, maintaining a monopoly as alleged in the complaint; (2) declaratory judgment declaring the Board defendants' disciplinary order of August 21, 2006 and the letter of concern dated June 23, 2008 as well as the perpetuation, continuous enforcement and continuation of the same by the present members of the Board as actions which violate 15 U.S.C. Sec. 1 *et. seq.* for all of the reasons articulated in this complaint. A 73-76.

**(B)     The basis for the Court of Appeals' jurisdiction.**

The Court of Appeals has original appellate jurisdiction pursuant to FRAP 3 and 4. This appeal is taken as a matter of right from that part of the final Order of the US District Court for the Eastern District of North Carolina (Hon. James Dever III, J) A. pp. 118-141, dated 02/21/2017 which granted the motions to summarily dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(1) and pursuant to Fed. R. Civ. P. 12(b)(6). The Appellant is also appealing from the final judgment of dismissal entered pursuant to the District Court's Order A. pp. 142-144. Both the Order and the Judgment are final dispositions as they summarily dismissed the complaint in its entirety.

**(C)     The filing dates establishing the timeliness of the appeal were met.**

The time allowed for filing of the Notice of Appeal in the District Court is 30 days from the date of entry of the final Order of the District Court. *See* FRAP 3 and 4.

The date of entry of the Order and Judgment appealed from is 02/21/20217. A. pp. 108-144. The Date of the Notice of Appeal filed is 03/09/2017. A. pp. 145-146.

**(D)    Statement regarding the finality of the District Court's Order.**

The District Court's Order and Judgment of dismissal are final actions of the motion court which summarily disposed of all of the issues raised in the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Whether the District Court's dismissal of the complaint under Fed. R. Civ. P 12(b)(1) and Fed. R. Civ. P. 12(b)(6) based upon the Court's application of the Eleventh Amendment immunity constitutes reversible error.

2.    Whether the District Court's grant of the motion to dismiss the antitrust complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief under 15 U.S.C. Sec. 1 *et. seq.* constitutes reversible error.

3.    Whether the District Court's dismissal of the complaint without affording the Appellant and opportunity to move for leave to appeal amounts to reversible error.

4.    Whether the dismissal of the antitrust Complaint based on lack of Article III standing amounts to reversible error.

### III.    CONCISE STATEMENT OF THE CASE

### (A)    Factual Background.

The Factual and procedural background recited in the District Court's Order at A. pp. 118-125 are correct and incorporated by reference herein.

Succinctly stated, in the underlying amended complaint at ¶¶61 to 231 A. pp. 39-73 Dr Jemsek ("Jemsek) alleges that the Appellees (hereinafter "Board Defendants") improperly made use of their official state positions first to issue an Order dated August 21, 2006 (hereinafter "2006 Order") which imposed unreasonable restraints on trade and in particular on the offering of competitive medical services offered by the Plaintiff to Lyme disease patients pursuant to ILADS guidelines and then then to conspire with each other (including with present Board members) to continue to keep in full force and effect and to enforce the unreasonable restraints of trade  imposed by the 2006 Order. A. pp. 39-73.

Dr Jemsek alleged that the defendant's actions have the n et effect of restraining and continuing to restrain competition and the manner in which the Plaintiff and other physicians similarly situated render medical services in North Carolina and throughout the country with respect to Lyme disease. A. pp. 39-73.

Jemsek alleged that this restraint of trade was and continues to be enforced by the defendants, present members of the Board in order to engage in price fixing so as to benefit themselves, other physicians who render Lyme related medical services

4

in accordance with the restrictions imposed by the defendants and the interests of private insurer BCBSNC who pays for the defendants' medical services.

The Appellant does not speculate and does not allege in the complaint that the defendants would deny the renewal of his license or the reinstatement of the same should the Appellant apply for such relief. Instead the Appellant takes aim at the unreasonable restrictions of trade imposed by the 2006 Order. A. pp. 19-73.

## (B) Procedural background relevant to the appeal.

### (i) The motion to dismiss.

The Board Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6) and an accompanying memorandum of law based upon the following grounds: (1) Eleventh Amendment absolute immunity of the past and present Board Respondents and the Board; (2) lack of Article III standing; (3) Failure to state a claim for antitrust violation for (a) failure to state any anticompetitive effect and (b) failure to state a cognizable relevant market. A. p. 89.

### (ii) Appellant's opposition to motion to dismiss.

The Appellant interposed a memorandum of law in opposition to motion to dismiss. This document is not included in the Appendix due to its exclusion by Loc. Rule 30(a)(2). *See* Docket entry 75, A. p. 16.

5

### (iii)    The replies.

The Board Defendants interposed a reply memorandum which not included in the Appendix due to its exclusion by Loc. Rule 30(a)(2). *See* Docket entry 79 A. p. 17.

### (iv)    The substance of the Order and Judgment of the District Court.

The District Court, (Hon. James Dever III, J) issued an Order dated 02/20/2017 which was entered in the office of the clerk on 02/21/17. A. pp. 118-141. The Order granted the Board Respondents' motions to dismiss in their totality based upon the following grounds:

(1)    Applicability of Eleventh Amendment immunity as to all of the Board Defendants in their official capacity based upon the finding that the complaint sought retrospective rather than prospective relief. A. pp. 126-134;

(2)    Applicability of lack of Article III standing with regard to members of the Board in their personal capacity. A. pp. 134-136;

(3)    In the alternative, failure to state a claim for violation of the Sherman Antitrust Act due to: (a) failure to "plausibly allege: (1) a contract, combination or conspiracy; (2) that imposed an unreasonable restraint of trade. The District Court rationalized that this decision is based upon Dr Jemsek's failure to prove his antitrust claim in the context of a motion for summary judgment. A. pp. 138-140.

This appeal is taken from all of the aspect of the District Court's Order.

This appeal is also taken from the District Court's Order dismissing the complaint while barring the Appellant an opportunity to file a motion to amend the complaint in at the past dismissal stage. A. pp. 140-141.

This appeal is also taken from the Judgement of dismissal filed pursuant to the Court's Order. A. pp. 142-144.

## IV.    SUMMARY OF THE ARGUMENT

The Appellant argues to this Honorable Appellate Court that the District Court erred in dismissing the underlying complaint as against the Board Defendants under the Eleventh Amendment immunity paradigms because the pleading on its face states prospective violations of federal law and of the Sherman Antitrust Act.

The Appellant contends that the District Court found in error that the complaint only alleges retrospective acts and relief. The Appellant contends that District Court erroneously and impermissibly disregarded specific allegations of prospective violations of the Sherman Antitrust Act while selectively reciting allegations of past conduct which are necessary to put into perspective the present and future conspiracy to violate the Sherman Antitrust Act.

The Appellant contends that in dismissing the amended complaint based on Eleventh Amendment the District Court did not apply the rules of complaint examination in the context of the motion to dismiss pursuant to Fed. R. Civ. P. 26(b)(1) and 26(b)(2). The Appellant also argues that the District Court's dismissal

of the complaint based upon a finding that the Plaintiff failed to "plausibly" state a Sherman Antitrust violation (A. pp. 137-140) constitutes reversible error.

The Appellant propounds this argument based upon two separate theories: (1) the amended complaint when taken in its totality does state both of the Antitrust violation elements found by the District Court to be missing at A. pp. 136-140 and (2) the District Court's dismissal is based upon its impermissible application of a summary judgment standard at the pre-discovery stage rather than upon the application of a dismissal standard under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## V.   ARGUMENT

### POINT I

### THE STANDARDS OF APPELLATE REVIEW OF THE DISTRCIT COURT'S DISMISSAL OF THE AMENDED COMPLAINT APPLY TO DISTRICT COURT'S ORDER

This Circuit applies specific standards of review and restrictions of dismissals of antitrust complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**(A)   The standard of Appellate review of a District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is de novo review.**

A district court's dismissal of a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is subject to *de novo* review. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. Va. 1999) citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768-769 (4th Cir. 1991); *Taylor v. Kellogg*

*Brown & Root Servs.*, 658 F.3d 402, 408 (4th Cir. Va. 2011) citing *Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009).

Where the defendants, such as the ones in this case, raise the argument that the allegations in the Complaint fail as a matter of law to support subject matter jurisdiction, Plaintiff enjoys procedural safeguards similar to those they would enjoy when opposing a Rule 12(b)(6) motion. *N.C. Motorcoach Ass'n v. Guilford County Bd. of Educ.*, 315 F. Supp. 2d 784, 790 (M.D.N.C. 2004) citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). As such, the Court will accept Plaintiff's allegations as true, construing them most favorably to the Plaintiff, and will rely solely on the pleadings, disregarding affidavits or other materials, to determine whether Appellants' Complaint contains sufficient allegations to support subject matter jurisdiction. *Id.* citing *Higgins v. United States*, 894 F. Supp. 232, 234 (M.D.N.C. 1995). *Also see Sierra Club v. Kempthorne*, 589 F. Supp. 2d 720, 725 (W.D. Va. 2008) citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

**(B)     The standard of appellate review on a District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is de novo review.**

The Fourth Circuit Court of Appeals reviews de novo the district court's decision to dismiss under Rule 12(b)(6). *Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 181 (4th Cir. Va. 2009) citing *In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 387 (4th Cir. 2005); *Teachers' Ret. Sys. v. Hunter*,

477 F.3d 162, 170 (4th Cir. N.C. 2007) citing *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006).

A Rule 12(b)(6) motion to dismiss "should not be granted unless it appears certain that the Appellant can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In considering the motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the Appellant." *Mylan Labs.* 7 F.3d 1130, 1134, *supra*; *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. Va. 2004).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

**(C)   The standard of review for dismissal of Antitrust Complaints.**

The dismissal standard has been applied "rigorously in anti-trust cases," and "'dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly.'" *Id*. citing *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 1990) (quoting *Hospital Building Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 48 L. Ed. 2d 338, 96 S. Ct. 1848 (1976)); *see also Virginia Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 539 (4th Cir. 1998).

In antitrust cases, where 'the proof is largely in the hands of the alleged conspirators,' dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." *Virginia Vermiculite, Ltd. v. W.R. Grace & Co.,* 156 F.3d 535, 539 (4th Cir. Va. Sept. 1, 1998) citing *Hospital Bldg. Co. v. Trustees of the Rex Hosp.*, 425 U.S. 738, 746, 48 L. Ed. 2d 338, 96 S. Ct. 1848 (1976) (quoting *Poller v. CBS*, 368 U.S. 464, 473, 7 L. Ed. 2d 458, 82 S. Ct. 486 (1962)).

## POINT II

### THE DISTRICT COURT'S ORDER CONSTITUTES REVERSIBLE ERROR TO THE EXTENT THAT IT IS PREDICATED UPON THE APPLICATION OF ELEVENTH AMENDMENT IMMUNITY TO <u>THE BOARD DEFENDANTS.</u>

In its Order at A. pp. 126-134, the District Court rationalizes that dismissal of the complaint is warranted based upon Eleventh Amendment immunity because the complaint is seeking relief for acts and actions of the defendants which took place in the past and not in the future. The District Court points to the difference between the distinct defenses of *Parker* state action immunity and Eleventh Amendment immunity, and it applied a straight forward analysis based on *Ex Parte Young* 209 U.S. 123 (1908). A. pp. 126-134.

The Appellant recognizes that since *North Carolina Board of Dental Examiners v. Federal Trade Commission,* 135 S. Ct. 1101 (2015), the Court of Appeals for the Fifth Circuit in *Rodgers v. State Bd. of Nursing*, 665 Fed. Appx. 326

(5th Cir. La. Nov. 8, 2016) did address the difference between *Parker* immunity and Eleventh Amendment immunity. It stated that both legal paradigms cannot be merged into each other and that they are separate defenses to antitrust lawsuits. The remaining cases cited by the District Court at A. p. 158 pre-date the US Supreme Court's decision in *North Carolina Board of Dental Examiners* 135 S. Ct. 1101 (2015) and shed no light on the interpretation of both doctrines after the foregoing decision was published.

The district Court recognized that the Eleventh Amendment does not bar a suit against a state official for prospective injunctive relief. A. pp. 157-158 citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005).

In *S.C. State Bd. of Dentistry v. FTC,* 455 F.3d 436, 446 (4th Cir. May 1, 2006) this Court stated as follows: "we note that, although the Board does not press the argument, the Fifth Circuit case upon which it relies similarly analogizes *Parker* to sovereign immunity, assertedly because "one of the primary justifications of state action immunity **is the same as that of Eleventh Amendment immunity** - to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the insistence of private parties." Citing *Martin v. Memorial Hospital*, 86 F.3d at 1395-96 (5th Cir. 1996).

Suits for injunctions against state officials do not offend a state's dignity, neither qualified nor sovereign immunity operates in cases seeking purely equitable relief. *S.C. State Bd. of Dentistry*, 455 F.3d 436, 446-447, *supra citing Rowley v. McMillan*, 502 F.2d 1326, 1331 (4th Cir. 1974) (qualified immunity "has no application to a suit for declaratory or injunctive relief"); *Wessel v. Glendening*, 306 F.3d 203, 207 n. 4 (4th Cir. 2002) (" he protection of the Eleventh Amendment does not extend to suits seeking injunctive relief from state officials pursuant to *Ex Parte Young."), overruled on other grounds by Tennessee v. Lane*, 541 U.S. 509, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004).

This Court further stated in *TFWS Inc., v. Schaeffer*, 242 F.3d 198, 203-06 (4th Cir 2001) that the "*Ex Parte Young* exception to Eleventh Amendment immunity remains generally available to a plaintiff who seeks prospective declaratory and injunctive relief against a state official for an ongoing violation of federal law." *Id.* citing *Idaho v. Coeur d' Alene Tribe*, 521 U.S. 261, 294, 296, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997); *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Booth v. Maryland*, 112 F.3d 139, 141-42 (4th Cir. 1997). The *Young* exception is an "essential . . . part of our sovereign immunity doctrine,". *Id.* citing *Alden v. Maine*, 527 U.S. 706, 748, 144 L. Ed. 2d 636, 119 S. Ct. 2240 (1999), that is necessary "to

promote the vindication of federal rights," citing *Pennhurst*, 465 U.S. at 105. *Id.* citing *Green*, 474 U.S. at 68.

The District Court states at A. p. 133 that Jemsek's relief sought in the Complaint does not seek to enjoin ongoing violations of federal law but rather of "continued effects" and by-products of past action. Citing *Manion* 2016 W.L.4523902 quoting *Caesars v. Massachusetts Development Company LLC v. Crosby* 2014 W.L. 2468689. That finding amounts to reversible error. The continuous conspiracy to violate 15 U.S.C. Sec 1 *et. seq.* through the current enforcement of the Board's 2006 Order is alleged with specificity at paragraphs 157-160, 166 at A. pp. 58-59, paragraphs 212-220 A. pp. 70-71; paragraphs 226-231 A. pp. 72-73 and paragraphs 232-239 A. pp. 74-75.

The Court's reliance on *Caesars*, *supra*, is unavailing. That case was considered by the 1st Circuit Court of Appeals and it bears no semblance to the present complaint. In that case, plaintiff, affiliated by contract with an applicant for a casino license from the state, alleged deprivation of property by state action without due process of law, in violation of the Fifth and Fourteenth Amendments. The claims were dismissed because plaintiff alleged no cognizable protected property interest; and Plaintiff's equal protection claims were dismissed because class-of-one Fourteenth Amendment equal protection did not extend to redress action taken under state law authorizing the exercise of highly discretionary

judgment in response to an application to license activity carrying substantial risks of commercial and social harm. *Caesars Mass. Mgmt. Co., LLC v. Crosby*, 778 F.3d 327, 330 (1st Cir. Mass. Feb. 13, 2015). The underlying District Court case of *Caesars Mass. Mgmt. Co., LLC cited* by the Court below, which had identically the same facts as the ones considered by the 1st Circuit Court of Appeals has no bearing to any of the issues stated in the present antitrust complaint.

In the complaint, specific violations of the Sherman Antitrust Act are alleged to be ongoing and to occur and to continue in the future to occur and to be perpetrated by defendants, who are market participants. *See* Complaint, A. pp. 20-43. The continuous conspiracy to violate 15 U.S.C. Sec 1 *et. seq.* through the current enforcement of the Board's 2006 Order is alleged with specificity at paragraphs 157-160, 166 at A. pp. 58-59, paragraphs 212-220 A. pp. 70-71; paragraphs 226-231 A. pp. 72-73 and paragraphs 232-239 A. pp. 74-75.

While the District Court states in the first full paragraph from the top of the page at A. pp. 129 that the complaint "overwhelmingly alleges completed, not presently ongoing violations of the Sherman Act" (selectively citing paragraphs from the complaint in support of this finding), the District Court omits from its recitations the specific allegations of the foregoing paragraphs which do state ongoing and future violations, as set forth above in this brief.

15

On a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) such selective reading which excludes the paragraphs that do state future and present violations of the Sherman Antitrust Act amounts to reversible error. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134; *T.G. Slater & Son* 385 F.3d 836, 841, *supra*. In rejecting the allegations which do state ongoing and future violations of the Sherman Antitrust Act and in reciting only the allegations which support the District Court's contention of recitations of past actions, the District Court did not construe the complaint in the light most favorable to Dr. Jemsek and did not take as true the allegations contained in the Complaint which specifically state present and future violations of the Sherman Antitrust Act. *See* paragraphs 157-160, 166 at A. pp. 58-59, paragraphs 212-220 A. pp. 70-71; paragraphs 226-231 A. pp. 72-73 and paragraphs 232-239 A. pp. 74-75.

The complaint clearly states in the foregoing paragraphs that the present Board members conspired and continue to conspire with each other to maintain in place and to enforce the unreasonable restrictions of trade with the 2006 Order imposes on the competitive medical services provided by the Plaintiff and like physicians to Lyme disease patients under ILADS guidelines as opposed to IDSA guidelines.

Unlike in *Caesars*, *supra*, where a past report impacted on the Plaintiff's ability to obtain state contracts, in the present case active market participation and

an active conspiracy to violate 15 U.S.C. Sec. 1 *et. seq.* in the present and in the future, are clearly alleged. A. pp. 20-76 and specifically paragraphs 157-160, 166 at A pp. 58-59, paragraphs 212-220 A. pp. 70-71 and paragraphs 226-231 A. pp. 72-73; paragraphs 232-239 A. pp. 74-75.

Because the District Court did not consider the inapplicability of *Parker* state action immunity as the basis for its dismissal, the analysis of ***North Carolina Board of Dental Examiners*** 135 S. Ct. 1101 (2015) will not be explored in this brief.

In addition, under the scheme of notice pleading and broad discovery, consideration of a motion to dismiss must account for the possibility that a noticed claim could become legally sufficient if the necessary facts were to be developed during discovery. *Teachers' Ret. Sys. v. Hunter*, 477 F.3d 162, 170-171 (4th Cir. 2007). "As the Supreme Court has characterized this approach to Rule 12(b)(6) motions: "[g]iven the Federal Rules' simplified standard for pleading, a court may **dismiss** a complaint only if it is clear that no relief could be granted *under any set of facts that could be proved consistent with the allegations*. *Id*. citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Moreover, because the U.S. Supreme Court and this Circuit disfavor the dismissal of an antitrust complaint pursuant to the identical standard applicable to motions under Rules 12(b)(1) and 12(b)(6) articulated above in this brief, *Virginia Vermiculite, Ltd.* 156 F.3d 535, 539 citing *Hospital Bldg. Co.* 425 U.S. 738, 746,

17

*supra* and *Poller* 368 U.S. 464, 473, *supra*, the District Court's selective reading of the complaint aimed at excluding those allegations which state present and future violations of the Sherman Antitrust Act also amount to reversible error.

For all of the foregoing reasons, the Appellant has stated present and future violation of the Sherman Antitrust Act in the complaint in the specific paragraphs cited above. The recitation of actions which took place in the past as recited in the District Court's decision at A. p. 129 are necessary to particularize and put in context the ongoing antitrust conspiracy as mandated by the antitrust pleading requirements imposed by the US Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), as discussed below.

Without the recitations of the past actions which connect to the present ongoing relevancy of the conspiracy to the violate the Sherman Antitrust Act and without the explanation of the ongoing agreement and trust between the past and present members of the Board to continue the violations of the Sherman Antitrust Act as specified in the Complaint, the specific pleading requirements set by the US Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 would not have been met.

Discarding the specific allegations of present and future violation of the Sherman Antitrust Act as set forth above in this brief in order to facilitate the summary dismissal of the complaint is not permitted by this Circuit on a 12(b)(1)

and a 12(b)(6) motion to dismiss. *Mylan Labs., Inc.* 7 F.3d 1130, 1134; *T.G. Slater & Son* 385 F.3d 836, 841, *supra*.

For all of the foregoing reasons, the District Court's dismissal of the complaint based upon its specific exclusion of the paragraphs which do state present and future violations of the Sherman Antitrust Act amounts to reversible error.

### POINT III

### THE DISTRICT COURT'S DISMISSAL OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER THE SHERMAN ANTITRUST ACT AMOUNTS TO REVERSIBLE ERROR.

In its opinion at A. p. 168 the District Court states that it is dismissing the complaint because the Plaintiff "plausibly" failed to allege: (1) a contract, combination or conspiracy and (2) that imposes an unreasonable restraint of trade. Citing *Dickson v. Microsoft Corp.* 309 F.3d 193,202(4th Cir. 2002). The District Court goes on to explain that Dr. Jemsek only alleges an injury to himself and not to the market.

A review of the complaint reveals that it is replete with allegations stating anticompetitive effect on other physicians as well as on patient population.

Specifically, in paragraph 181 of the complaint the Plaintiff clearly alleges anticompetitive effect of the antitrust actions taken by the defendants upon both North Carolina patients and Lyme disease patients country wide. Similarly, the

allegations of paragraph 182 state the anticompetitive effect of defendant's actions country wide. In paragraphs 186 through 189 the Plaintiff alleged the anticompetitive restrictive effect which defendants' actions had on the practice of medicine in North Carolina with respect to Lyme disease medical services. In paragraph 192 the Plaintiff alleges anticompetitive effect of defendants' antitrust and anticompetitive acts take for the purposes of furthering the interest of their own business and of those physicians who offer Lyme related medical services within the restrictions of the IDSA guidelines only. In paragraph 199 the Plaintiff alleges vertical and horizontal market redistribution and diversion of patients to defendants' own practices.

The District Court cites *Petrie v. Virginia Board of Medicine*, 648 Fed. Appx. 352 (4th Cir, 2016) for the proposition that the complaint is being dismissed because Dr. Jemsek will not be able to prove that the antitrust injury is caused to competition and not only to the Appellant. A. pp. 137-140.

*Petrie* 648 Fed. Appx. 352 involved a summary judgment motion after the completion of discovery. Plaintiff's evidence after discovery was called into question and found to be insufficient to support an injury to competition rather than to the Plaintiff herself. It did not involve a pre-discovery motion to dismiss under Rule 12(b)(1) or 12(b)(6).

The standards for summary judgment and for a motion to dismiss Rule 12(b)(1) or 12(b)(6) are different. In a summary judgment motion "The party moving for summary judgment 'discharges its burden by showing that there is **an absence of evidence** to support the nonmoving party's case.'" *Petrie v. Va. Bd. of Med.,* 648 Fed. Appx. 352, 355 (4th Cir. Va. May 16, 2016) citing *Humphreys & Ptrs. Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (quoting *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002)). If the moving party can do so, the burden shifts to the nonmoving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)).

The present is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) which is subject to the rigors of the case law cited above. The District Court has not converted the motion to dismiss into a motion for summary judgment and none of the elements enunciated by this Court in *Carter v. Baltimore County*, 39 Fed. Appx. 930, 933 (4th Cir. 2002) are present here. There were no affidavits attached to the motion to dismiss, the motion was not captioned in the alternative as one for "summary judgment" and no documents other than public records annexed to Appellant's pleadings were presented to the Court. A. pp. 89-90.

Because in an antitrust action the Courts favor the development of facts based on discovery and disfavor dismissal of antitrust complaints before discovery is complete, *Virginia Vermiculite, Ltd.* 156 F.3d 535, 539 *supra* citing *Hospital Bldg. Co.*, 425 U.S. 738, 746, and *Poller,* 368 U.S. 464, *supra*, the District Court's application of a summary judgment standard for the purposes of dismissal under Rule 12(b)(1) and 12(b)(6) constitutes reversible error.

Moreover, to plead actual injury sufficiently, a claimant must allege "'an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Lux v. Judd*, 651 F.3d 396, 400 (4th Cir. 2011). Because "'[t]he concept of antitrust standing is narrower than constitutional standing,'" *Id*. (quoting *Novell*, 505 F.3d at 311 n.16), "'[h]arm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact,'" *id*. (quoting *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 535 n.31 (1983).

Alleging an injury to an individual's own business as a result of antitrust conduct is essential to the issue of standing both under the Sherman Antitrust Act and Article III of the constitution. An antitrust claimant must allege both "'antitrust injury,'" which is "required for standing to bring an antitrust action," and "actual injury," which is "required for standing to bring any federal action under Article III of the Constitution." *Intellectual Ventures I LLC v. Capital One Fin. Corp*., 99 F.

Supp. 3d 610, 628-629 (D. Md. 2015).  To determine whether a plaintiff has alleged antitrust injury, courts consider "'(1) the causal connection between an antitrust violation and harm to the plaintiffs, and whether that harm was intended; [and] (2) whether the harm was of a type that Congress sought to redress in providing a private remedy for violations of the antitrust laws.'" *Id.* quoting *Novell, Inc. v. Microsoft Corp.*, 505 F.3d 302, 311, 315 (4th Cir. 2007)).

Thus the District Court's dismissal of the complaint based upon the findings that the complaint does not allege a conspiracy to violate the Sherman Antitrust Act when in fact it does at paragraphs "2" through "10", "151" through "157" and in general "157-220" A. pp. 20-73 also constitutes reversible error.  *Virginia Vermiculite, Ltd.* 156 F.3d 535, 539, *supra* citing *Hospital Bldg. Co.* 425 U.S. 738, 746, *supra* and *Poller,* 368 U.S. 464 (1962).

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (U.S. May 21, 2007) the US Supreme Court that stating a complaint of a violation of 15 U.S.C. Sec. 1 "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Id.*

The statement of parallel conduct is not sufficient to state a conspiracy or an antitrust claim without a setting suggesting the agreement necessary to make out a § 1 claim; without those allegations containing further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. *Id.* at 557. Thus in this case stating simply that the present Board members conspire with each other to violate the Sherman Antitrust Act by enforcing the 2006 Order would be insufficient to allege the antitrust conspiracy in the absence of the allegations of the illegality of the Order and the unreasonable restraint of trade which it imposes in the first place and of the agreement and trust between the past and present members of the Board to maintain the said unreasonable restraints of trade through the enforcement of the 2006 Order.

The allegations of the present complaint fully comply with the minimum pleading requirements of *Twombly*, 550 U.S. 544, 556. The parallel conduct of the present Board members which is sought to be enjoined under 15 U.S.C. Sec. 26 is put into context through specific allegations of conspiracy to violate the Sherman Antitrust Act in concert with the past Board members and in agreement among the present Board members themselves. *See* complaint allegations as a whole A. pp. 20-73.

Consequently, the District Court's dismissal of the complaint for failure to allege an agreement or a conspiracy and for failure to provide specific facts stating the background and the substance of the conspiracy as well as the agreement to violate the Sherman Antitrust Act amounts to reversible error.

**POINT IV**
**THE DISTRICT COURT ERRED IN FAILING TO**
**PROVIDE THE PLAINTIFF AN OPPORTUNITY**
**TO FILE A MOTION FOR LEAVE TO AMEND**
**<u>BEFORE IT DISMISSED THE COMPLAINT.</u>**

The District Court states that Dr. Jemsek cannot ask for the amendment of a complaint in a brief but must do so by motion. Consequently, the Court simply denied any post judgment request under any form for the amendment of the pleading to cure any of the deficiencies pointed by the District Court in its Order. A. pp. 140-141. That decision amounts to reversible error.

In *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. Va. Feb. 16, 2006) this Court held that a district court may not deny a motion to amend the complaint under Fed. R. of Civ. P. 15(a) simply because it has entered judgment against the plaintiff -- be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits. *Id.* citing *e.g., Foman v. Davis*, 371 U.S. 178 at 182 (1962) (reversing district court's denial of motion to amend made after the district court entered judgment of dismissal) and further citing *Ostrzenski v. Seigel*, 177 F.3d 245 at 252-53 (4th Cir.

1999) (noting that district court should not dismiss a complaint with prejudice under Fed. R. Civ. P. 12(b)(6) without first giving the plaintiff leave to amend).

Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered -- for prejudice, bad faith, or futility. *Harvey*, 438 F.3d 404, 427 citing *Foman*, 371 U.S. at 182; *Johnson*, 785 F.2d at 509-510 (dicta).

In this case the District Court did not make an evaluation of for prejudice, bad faith, or futility prior to dismissal. Its Order did not state that the Appellant is allowed to file a motion to Amend pursuant to Rule 15(a) after the dismissal was entered. The District Court simply stated that it denies the request to amend the complaint made in the responsive brief. A. pp. 140-141. However, the District Court did not make a finding that it will allow Dr. Jemsek to move for leave to amend by any forthcoming motion. The avenue for leave to amend was simply foreclosed by the District Court in all respects A. pp. 140-141.

Consequently, the District Court's order which in effect bars the Appellant from filing a motion to amend the complaint after dismissal amounts to reversible error.   *Harvey*, 438 F.3d 404, 427, *supra*.

## POINT V

## THE DISTRICT COURTS' DISMISSAL OF THE ALLEGATIONS OF THE ANTITRUST BASED ON ARTICLE III LACK OF STANDING AMOUNTS TO <u>REVERSIBLE ERROR.</u>

The District Court held at A. pp. 134-136 that the Appellant does not have Article III standing to sue the past members of the Board in any capacity because they cannot undo the Orders of 2006 and the letter of concern of 2008 as they are no longer state officials. The Court also states that the present members of the Board in their individual capacities cannot be enjoined from enforcing the Orders of 2006 and the letter of 2008 because they have no powers to do so. A. pp. 134-136. What remain standing then is Appellant's claims against the present members of the Board in their official capacity.

However, because both the past and the present members are market participants within the meaning of the Sherman Antitrust Act as discussed by the US Supreme Court in *NC. Board of Dental Examiners* 135 S. Ct. 1101-1117, both their involvement in official and personal capacities with the conspiracy to violate 15 U.S.C. Sec. 1 *et. seq.* is necessary to be alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-558.

For all of the foregoing reasons, the complaint allegations regarding the complicity and conspiracy of the past and present members of the North Carolina Medical Board to violate 15 U.S.C. Sec. 1 should not be dismissed.

## <u>CONCLUSION</u>

For all of the reasons stated above Dr. Jemsek request that this Appellate Court reverse the order of the District Court dismissing the antitrust complaint in all respects.

Dated: June 12, 2017

Attorney for the Appellant:
/s/ Jacques G. Simon
Jacques G. Simon, Esq.
100 Jericho Quadrangle
Suite #208
Phone: (516) 378-8400
Fax:   (516) 378-2700
Email: jgs@jacquessimon.com

## <u>STATEMENT PURSUANT TO FRAP 34 AND LOCAL RULE 34(a) REGARDING ORAL ARGUMENT</u>

The Appellant hereby states in accordance with Local Rule 34(a) that oral argument of the issues presented in this case is not necessary. The issues which are present in this case have been decided by this Honorable Circuit Court of Appeals and by other dispositive decisions cited in this brief and this case in not one of first impression.

Dated: June 12, 2017

Attorney for the Appellant:
/s/ Jacques G. Simon
Jacques G. Simon, Esq.
100 Jericho Quadrangle
Suite #208
Phone: (516) 378-8400
Fax:   (516) 378-2700
Email: jgs@jacquessimon.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.     This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

this document contains <u>6,420</u> words.

2.     This document complies with the typeface requirements because:

this document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

Dated:  June 12, 2017          <u>/s/ Jacques G. Simon, Esq.     </u>
Jacques G. Simon, Esq.

*Counsel of Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on June 12, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor

Karen R. Taylor

GIBSON MOORE APPELLATE SERVICES, LLC

P.O. Box 1460

Richmond, VA  23218

(804) 249-7770

karen@gibsonmoore.net
